SCOTT OCCHIOGROSSO, ESQ.
BLOCK, O'TOOLE & MURPHY, LLP
One Penn Plaza, Suite 5315
New York, New York 10119
212-736-5300

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SALLY ANN RORAPAUGH, Individually and as Administratrix of the Estate of SCOTT RORAPAUGH (deceased) | **COMPLAINT** |
| Plaintiffs, | **Case No.:** 1:20-cv-769 (BKS/DJS) |
| v. | DEMAND FOR JURY TRIAL |
| EVERON J. MEADOWS, and ADUSA TRANSPORTATION, LLC, | |
| Defendants. | |

Plaintiff, **SALLY ANN RORAPAUGH**, Individually and as Administratrix of the Estate of SCOTT RORAPAUGH (deceased), alleges as follows:

## JURISDICTION

1. This Court has jurisdiction under 28 U.S.C. § 1332.

2. Plaintiff and all Defendants reside in different states.

3. Venue is proper in this District because the occurrence took place on Interstate 87, in Queensbury, County of Warren, State of New York.

4. Jurisdiction is proper in this Court pursuant to Case Management Order No. 8 in In re General Motors LLC Ignition Switch Litigation, [14-MC-2543, Dkt. No. 36]. By filing

this Complaint in this District, however, Plaintiff does not waive the right to transfer this case to any other appropriate district at the conclusion of pretrial proceedings.

5.  This Court also has jurisdiction over this matter under 28 U.S.C. § 1332(a) because of the complete diversity of the parties' citizenship, and the amount in controversy exceeds $75,000.00.

6.  On July 17, 2019, and at all times herein mentioned Plaintiff **SALLY ANN RORAPAUGH** was and still is, a resident of the County of York, State of Pennsylvania, currently residing at 25 Shady Lane, York Haven, PA, 17370.

7.  Until the time of Plaintiff **SCOTT RORAPAUGH's** death on July 17, 2019, Plaintiff **SALLY ANN RORAPAUGH** was the wife of Plaintiff **SCOTT RORAPAUGH**, deceased.

8.  By duly executed and certified Letters of Administration dated October 21, 2019, Plaintiff, **SALLY ANN RORAPAUGH** was appointed Administratrix of the Estate of Scott Rorapaugh, her deceased husband.

9.  On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Maine, with a principal place of business located at 465 Congress Street, Suite 800, Portland, ME 04101.

10. **ADUSA TRANSPORTATION, LLC,** is a domestic trucking company, involved in the transportation of goods via truck.

2

11.     **ADUSA TRANSPORTATION, LLC** regularly, purposefully and substantially transacts and does business in the State of New York, including routinely using New York's roads and highways as trucking routes and contracting with businesses/entities in New York with respect to its trucking business.

12.     **ADUSA TRANSPORTATION, LLC,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

13.     The sole member of Defendant **ADUSA TRANSPORTATION, LLC** is ADUSA SUPPLY CHAIN ADMINISTRATION, LLC, a Delaware limited liability company.

14.     ADUSA SUPPLY CHAIN ADMINISTRATION, LLC is a limited liability company with a primary place of business in the state of Delaware, located at 251 Little Falls Drive, Wilmington, DE 19807.

15.     The sole member of ADUSA SUPPLY CHAIN ADMINISTRATION, LLC is RETAIL BUSINESS SERVICES LLC, a Delaware limited liability company.

16.     RETAIL BUSINESS SERVICES LLC is a limited liability company with a principal place of business in the state of Delaware, located at 251 Little Falls Drive, Wilmington, DE 19807.

17.     The sole member of RETAIL BUSINESS SERVICES is ADUSA SUPPY CHAIN SERVICES, INC., is a Delaware corporation with a primary place of business in the state of Delaware, located at 251 Little Falls Drive, Wilmington, DE 19807.

18.     On July 17, 2019 and at all times herein mentioned, Defendant **EVERON J. MEADOWS** was and still is a resident of the State of Massachusetts and is currently residing at 4 Tanglewood Drive, Springfield, MA 01129.

## THE PARTIES

19.  On July 17, 2019, and at all times herein mentioned Plaintiff **SALLY ANN RORAPAUGH** was and still is, a resident of the County of York, State of Pennsylvania, currently residing at 25 Shady Lane, York Haven, PA, 17370.

20.  Until the time of Plaintiff **SCOTT RORAPAUGH's** death on July 17, 2019, Plaintiff **SALLY ANN RORAPAUGH** was the wife of Plaintiff **SCOTT RORAPAUGH**, deceased.

21.  By duly executed and certified Letters of Administration dated October 21, 2019, Plaintiff, **SALLY ANN RORAPAUGH** was appointed Administratrix of the Estate of Scott Rorapaugh, her deceased husband.

22.  On July 17, 2019 and at all times herein mentioned, Defendant **EVERON J. MEADOWS** was and still is a resident of the State of Massachusetts and is currently residing at 4 Tanglewood Drive, Springfield, MA 01129.

23.  On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** was and still is a foreign business corporation duly organized and existing under and by virtue of the laws of the State of Maine.

24.  **ADUSA TRANSPORTATION, LLC,** is a domestic trucking company, involved in the transportation of goods via truck.

25.  On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** maintained a principal place of business in the State of Maine.

4

26.    **ADUSA TRANSPORTATION, LLC,** does business in the State of New York pursuant to New York CPLR Section 301.

27.    **ADUSA TRANSPORTATION, LLC,** is subject to long-arm jurisdiction pursuant to New York CPLR Section 302.

28.    **ADUSA TRANSPORTATION, LLC** regularly, purposefully and substantially transacts and does business in the State of New York, including routinely using New York's roads and highways as trucking routes and contracting with businesses/entities in New York with respect to its trucking business.

## FACTS/ALLEGATIONS

*AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF THE PLAINTIFFS SALLY ANN RORAPAUGH, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF SCOTT RORAPAUGH (DECEASED)*

29.    On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** was the owner of a tractor trailer bearing North Carolina registration number NH4090.

30.    On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** was the lessee of a tractor trailer bearing North Carolina registration number NH4090.

31.    On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** was an employee of Defendant **ADUSA TRANSPORTATION, LLC**.

32.    On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** operated the aforementioned motor vehicle.

33.    On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** was operating the aforementioned motor vehicle within the scope of his employment with

Defendant **ADUSA TRANSPORTATION, LLC**.

34. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** was operating the aforementioned motor vehicle with the knowledge of Defendant **ADUSA TRANSPORTATION, LLC**.

35. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** was operating the aforementioned motor vehicle with the consent of Defendant **ADUSA TRANSPORTATION, LLC**.

36. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** managed the aforementioned motor vehicle.

37. On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** managed the aforementioned motor vehicle.

38. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** maintained the aforementioned motor vehicle.

39. On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** maintained the aforementioned motor vehicle.

40. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** controlled the aforementioned motor vehicle.

41. On July 17, 2019 and at all times herein mentioned Defendant **ADUSA TRANSPORTATION, LLC** controlled the aforementioned motor vehicle.

42. On July 17, 2019 and at all times herein mentioned Defendant **EVERON J. MEADOWS** performed repairs on the aforementioned motor vehicle.

43. On July 17, 2019 and at all times herein mentioned Defendant **ADUSA**

**TRANSPORTATION, LLC** performed repairs on the aforementioned motor vehicle.

44. On July 17, 2019 and at all times herein mentioned Plaintiff **SCOTT RORAPAUGH** was the operator of a truck bearing Pennsylvania license plate number 2601667.

45. On July 17, 2019 and at all times herein mentioned, on Interstate 87 in Queensbury, County of Warren, State of New York, was a public roadway and/or thoroughfare.

46. On July 17, 2019 Defendant **EVERON J. MEADOWS** was operating the aforesaid tractor trailer bearing North Carolina registration number NH4090 on Interstate 87 in Queensbury, County of Warren, State of New York.

47. On July 17, 2019 Plaintiff **SCOTT RORAPAUGH** was operating the aforesaid truck bearing Pennsylvania license plate number 2601667 on Interstate 87, in Queensbury, County of Warren, State of New York.

48. On July 17, 2019 the tractor trailer being operated by Defendant **EVERON J. MEADOWS** came into contact with the truck being operated by Plaintiff **SCOTT RORAPAUGH** on Interstate 87, in Queensbury, County of Warren, State of New York.

49. As a result of the aforesaid accident Plaintiff, **SCOTT RORAPAUGH** was killed.

50. The aforesaid occurrence was caused wholly and solely by reason of the negligence of the Defendants without any fault or negligence on the part of the Plaintiffs contributing thereto.

51. Defendants were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing, including in their negligent hiring, training and/or retention of

Defendant **EVERON J. MEADOWS**.

52.    Defendants, were negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendants were otherwise negligent, careless and reckless under the circumstances then and there prevailing, including in their grossly negligent hiring, training and/or retention of Defendant **EVERON J. MEADOWS**.

53.    Defendant **EVERON J. MEADOWS** was negligent, careless and reckless in the ownership, operation, management, maintenance, supervision, use and control of the aforesaid vehicle and the Defendant **EVERON J. MEADOWS** was otherwise negligent, careless and reckless under the circumstances then and there prevailing.

54.    By reason of the foregoing, the Plaintiff **SCOTT RORAPAUGH**, prior to his death, was caused to suffer from fear of imminent death, pre-impact terror and conscious pain and suffering as a result of the injuries incurred in the accident, which ultimately caused his death.

55.    That Plaintiff **SCOTT RORAPAUGH**, sustained serious injuries that resulted in death as defined by Subdivision d of §5102 of the Insurance Law of the State of New York, as a result of the negligence of the defendants herein.

56.    That Plaintiff **SCOTT RORAPAUGH** is not seeking to recover any damages for which the Plaintiff has been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff. Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF SALLY ANN RORAPAUGH, INDIVIDUALLY, AND AS WIDOW OF SCOTT RORAPAUGH, DECEASED

57.   The Plaintiff **SALLY ANN RORAPAUGH** repeats and realleges each and every above allegation contained in paragraphs "1" through "56" as if fully set forth at length herein.

58.   That Plaintiff **SALLY ANN RORAPAUGH** was the wife of deceased Plaintiff **SCOTT RORAPAUGH**, and as such was entitled to her husband's services, society, companionship and support.

59.   That by reason of the foregoing Plaintiff **SALLY ANN RORAPAUGH** has been deprived of the services, society, companionship and support of Plaintiff **SCOTT RORAPAUGH**, in an amount that exceeds jurisdiction of all lower Courts that would otherwise have jurisdiction.

60.   That Plaintiff **SALLY ANN RORAPAUGH** sustained economic loss greater than basic economic loss as to satisfy the exceptions of §5104 of the Insurance Law of the State of New York.

61.   That Plaintiff, **SALLY ANN RORAPAUGH**, is not seeking to recover any damages for which the Plaintiff have been reimbursed by no-fault insurance and/or for which no-fault insurance is obligated to reimburse Plaintiff.  Plaintiff is only seeking to recover those damages not recoverable through no-fault insurance under the facts and circumstances in this action.

62.   This action falls within one or more of the exceptions set forth in CPLR §1602, including paragraph six (6).

## **REQUEST FOR RELIEF**

63.    That this action falls within one or more of the exceptions set forth in New York CPLR §1602.

64.    Plaintiffs demands judgment against the Defendant herein, in an amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction, together with the costs and disbursements of this action, in an amount exceeding $75,000.

Dated: New York, New York
       July 8, 2020

Yours, etc.

SCOTT OCCHIOGROSSO
BLOCK O'TOOLE & MURPHY, LLP
Attorneys for Plaintiffs
**SALLY ANN RORAPAUGH,
Individually and as Administratrix of the
Estate of SCOTT RORAPAUGH
(deceased)**
One Penn Plaza, Suite 5315
New York, New York 10119
(212) 736-5300

## ATTORNEY'S VERIFICATION

SCOTT OCCHIOGROSSO, an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am a partner at BLOCK O'TOOLE & MURPHY, LLP, attorneys of record for Plaintiffs, I have read the annexed **COMPLAINT** and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

This verification is made by me because Plaintiff is not presently in the county wherein I maintain my offices.

Dated: New York, New York
       July 8, 2020

_____
SCOTT OCCHIOGROSSO

11